IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
SAMANTHA YOUNG,                    *
Individually, and as Administrator *
of the ESTATE OF BRIAN S.          *
YOUNG, and as mother and next      *
friend of E.Y., a minor            *
and Katlynn Young                  *       CASE NO: _____
                                   *
Plaintiffs,                        *
                                   *
          v.                       *
                                   *
MICHAEL DOUCETTE and               *       COMPLAINT
KELLEY TRUCKING, INC.              *
                                   *       JURY TRIAL DEMANDED
Defendants                         *
*******************************

## PARTIES AND JURISDICTION

1. Plaintiff Samantha Young is a resident of the Town of Concord, County of Essex, and State of Vermont, with a mailing address of: 278 Wesley Road, Concord, VT 05824.

2. Plaintiff Samantha Young is the widow of the deceased Brian S. Young ("Mr. Young"), late of Concord, Vermont.

3. Plaintiff Samantha Young is also the duly appointed Administrator of the Estate of Brian S. Young, Essex (Vermont) Superior Court – Probate Division, Docket No. 5-2-14 Expr ("the Estate").

4. Plaintiff Samantha Young is also the mother and next friend of Plaintiff E.Y., a minor, who is the biological child of Mrs. Young and the late Mr. Young.

5. Plaintiff E.Y. lives with her mother Plaintiff Samantha Young at 278 Wesley Road, Concord VT 05824.

1

6. Plaintiff Katlynn Young is the older daughter of Plaintiff Samantha Young and the deceased Brian S. Young, late of Concord, Vermont. She lives with her mother Plaintiff Samantha Young at 278 Wesley Road, Concord VT 05824.

7. Defendant Michael Doucette ("Defendant Doucette") is a resident of the Town of Milan, County of Coos, and State of New Hampshire, with a mailing address of: 369 East Side River Road, Milan NH 03588.

8. Defendant Kelley Trucking, Inc. ("Defendant Kelley Trucking") is a New Hampshire business corporation, with a mailing address of: 743 East Side River Road, Milan, NH 03588, and a registered agent in New Hampshire of: Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH 03860.

9. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

10. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between the Plaintiff and each Defendant.

## FACTUAL BACKGROUND

11. On or about January 20, 2014, Mr. Young and Defendant Doucette were moving a large piece of industrial logging equipment from one work location in a forested area in Grafton, Maine, to another work location, in a different forested area in Errol, New Hampshire.

12. As part of this undertaking, Defendant Doucette was operating a large tractor-trailer unit, with a lowbed trailer attached to it. Specifically, the tractor unit was a 2007 Volvo, VIN#

        4V4KC9GH47N467861 ("the Truck"), and the trailer unit was a 2001 Trailer, VIN#2M553149613074747 ("the Trailer").

13. Both the Truck and the Trailer were owned by and registered to Defendant Kelley Trucking.

14. As part of the moving of the logging equipment, Defendant Doucette drove the vehicles registered to Defendant Kelley Trucking upon the public highways of the State of New Hampshire, for a significant distance. Upon information and belief, the distance traveled on public ways was in excess of fifteen (15) miles.

15. While Defendant Doucette drove the Truck, Mr. Young followed behind Defendant Doucette in his vehicle.

16. In the Town of Errol, New Hampshire, at approximately 4:00 p.m., Defendant Doucette and Mr. Young left the public highway, and began driving upon a privately-owned woods road, known as Millsfield Pond Road.

17. Soon after beginning the drive up Millsfield Pond Road, Defendant Doucette encountered difficult winter driving conditions, specifically, snow and ice.

18. As a result of these conditions, Defendant Doucette slowed the Truck to a stop, and parked the Truck, with the intention of putting tire chains on the wheels of the Truck, in order to assist him with driving in the winter conditions.

19. The use of tire chains in winter conditions to assist with driving large tractor-trailer units on private roads is a commonplace, regular, and known practice.

20. The affixing of tire chains to a vehicle is a multi-step process that includes, at a minimum, placing the chains on the ground, moving the vehicle onto the chains, and then further affixing the chains so that they are secure on the tires of the vehicle.

21. When Defendant Doucette stopped the Kelley Trucking unit, Mr. Young stopped the vehicle he was driving behind the Truck, in order to assist Defendant Doucette with the process of affixing tire chains to the tires of the Truck.

22. Both Defendant Doucette and Mr. Young participated in the multi-step process of affixing the tire chains to the Kelley Trucking unit.

23. As part of this multi-step process, Defendant Doucette pulled the Kelley Trucking unit forward when Mr. Young was not clear of the tires on the Kelley Trucking unit.

24. As a result of Defendant Doucette's actions, Mr. Young was caught under the tires of the Kelley Trucking unit, which rolled over him and/or dragged him, causing significant, substantial, and ultimately fatal injuries.

25. But for the actions of Defendant Doucette, taken on behalf of Defendant Kelley Trucking, Mr. Young would not have died.  Defendant Doucette and Defendant Kelley acted carelessly and recklessly, and therefore negligently, in causing the death of Mr. Young, as further alleged herein.

## COUNT I – NEGLIGENCE / WRONGFUL DEATH
## AGAINST DEFENDANT DOUCETTE

26. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

27. It was the duty of Defendant Doucette to use due care in the operation of the Truck and the Trailer, to keep the Truck and the Trailer under control at all times, to maintain a careful lookout, to avoid colliding with any person, and to otherwise operate the Truck and the Trailer in conformity with the statutory and common law of the State of New Hampshire, so as not to endanger the lives or safety of others, such as the late Mr. Young.

28. Even so, and wholly disregarding said duties, Defendant Doucette did fail in the performance thereof, in that he failed to keep the Truck and the Trailer under control, failed to maintain a careful lookout, collided with a person, specifically Mr. Young, and otherwise drove negligently, which resulted in his vehicle causing injury and death to Mr. Young.

29. Further, Defendant Doucette violated N.H. RSA 265:37, in that as a driver of a vehicle, he failed to exercise due care by not avoiding a collision with Mr. Young.

30. As a direct and proximate result of the negligence of Defendant Doucette, the late Mr. Young sustained severe and painful injuries, resulting in his death. Before his death, the late Mr. Young experienced significant and substantial conscious physical and mental pain and suffering caused by such negligence.

31. Consistent with New Hampshire's common and statutory law (including but not limited to N.H. RSA 556:12), Plaintiff hereby makes claim for the reasonable expenses occasioned to the estate by the injury, the probable duration of life but for the injury, the capacity to earn money during the late Mr. Young's probable working life (including wages, benefits, and other income to be received), the loss of enjoyment of life/hedonic damages, the loss of retirement and/or Social Security benefits, and other injuries and losses.

32. Wherefore, the Plaintiff demands a trial by jury and an award of damages from Defendant Doucette.

### COUNT II – NEGLIGENCE / RESPONDEAT SUPERIOR
### AGAINST DEFENDANT KELLEY TRUCKING, INC.

33. In a plea of the law, the preceding paragraphs are realleged and reincorporated herein.

34. Upon information and belief, the registered owner of the Truck and the Trailer operated by Defendant Doucette on the day of Mr. Young's death was Defendant Kelley Trucking.

35. While operating the Truck and the Trailer on behalf of Defendant Kelley Trucking, Inc, Defendant Doucette, upon information and belief, was acting within the scope of his authority with respect to the Truck and the Trailer.

36. Under the doctrine of *respondeat superior,* Defendant Kelley Trucking is vicariously responsible and liable for the acts of Defendant Doucette.

### COUNT III – NEGLIGENCE / NEGLIGENT ENTRUSTMENT
### AGAINST DEFENDANT KELLEY TRUCKING, INC.

37. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

38. Defendant Kelley Trucking had a duty of care to all other persons who would encounter Defendant Doucette while he was using the personal property of Defendant Kelley Trucking, such as the late Mr. Young, and a duty to entrust its vehicles to be operated only by those drivers who would operate its vehicles carefully and in a lawful manner.

39. Defendant Kelley Trucking failed in this regard, and breached its duty to the late Mr. Young, in that it allowed a careless driver (Defendant Doucette) to operate vehicles and personal property that it owned, specifically the Truck and the Trailer.

40. This breach of its duty was a proximate cause of the injuries to the late Mr. Young, and his death, as described above.

41. Wherefore, the Plaintiff demands a trial by jury and an award of damages from Defendant Kelley Trucking.

### COUNT IV – LOSS OF SPOUSAL CONSORTIUM
### AGAINST BOTH DEFENDANTS

42. In a plea of the law, the preceding paragraphs are realleged and reincorporated herein.

43. At all times relevant hereto, Samantha Young was the lawful spouse of the late Mr. Young.

44. As a direct and proximate result of the injuries to Mr. Young and his wrongful death, caused by the Defendants, Plaintiff has suffered the loss of consortium of her husband, including the loss of his comfort, care, companionship, society and the affections of her husband and other injuries to the marital relationship, and emotional distress.

45. Said losses are all to the damage of the Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

46. Wherefore, Plaintiff demands a trial by jury and an award of damages from the Defendants.

### COUNT V – LOSS OF PARENTAL CONSORTIUM
### AGAINST BOTH DEFENDANTS

47. In a plea of the law, the preceding paragraphs are realleged and reincorporated herein.

48. At all times relevant hereto, E. Y, was a minor child of Plaintiff Samantha Young and the late Mr. Young.

49. At all times relevant hereto, Plaintiff Katlynn Young was also the child of the Plaintiff Samantha Young and the late Mr. Young.

50. As a direct and proximate result of the injuries to Mr. Young and his wrongful death, caused by the Defendants, minor E.Y. and her sister Plaintiff Katlynn Young, have suffered the loss of consortium of their father, including the loss of his comfort, society, affection,

care, companionship, teachings, and guidance, and other injuries to the familial relationship, and emotional distress.

51. Said losses are all to the damage of the Plaintiff, Samantha Young, as mother and next friend of E.Y. and Plaintiff Katlynn Young, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

52. Wherefore, Plaintiffs demand a trial by jury and an award of damages from the Defendants.

**WHEREFORE, THE PLAINTIFFS RESPECTFULLY REQUEST THAT THIS HONORABLE COURT:**

A. Grant the Plaintiffs a trial by jury and an award of damages from the Defendants;

B. Grant the Plaintiffs their prejudgment interest and all taxable costs; and,

C. Grant the Plaintiffs such other and further relief as may be just and equitable.

DATED:   January 17, 2017

Samantha Young, Individually
and as Administrator of the
Estate of Brian S. Young, and as
mother and next friend of E.Y., a minor
and Katlynn Young

By and through their Attorneys
*Waystack Frizzell, Trial Lawyers*

By: /s/ Philip R. Waystack
Philip R. Waystack, Esquire
N.H. Bar No. 2672
251 Main Street, P.O. Box 137
Colebrook, NH  03576
(603) 237-8322
phil@waystackfrizzell.com