UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

*Plaintiff(s)*

SAMANTHA YOUNG, Individually,
and as Administrator of the
ESTATE OF BRIAN S. YOUNG,
and as m/n/f of E.Y., a minor
and KATLYNN YOUNG                          CIVIL NO:  1:17-cv-016-AJ

       v.

*Defendant(s)*

MICHAEL DOUCETTE

   and

KELLEY TRUCKING, INC.


## RESTATED AND VERIFIED PLAINTIFFS' ASSENTED-TO MOTION FOR APPROVAL OF SETTLEMENT OF THE TORT (THIRD PARTY) CLAIM AND WORKER'S COMPENSATION LIEN, ATTORNEY'S FEES AND EXPENSES

NOW COME the Plaintiffs, Samantha Young, Individually, and as Administrator of the Estate of Brian S. Young, and as m/n/f of E.Y., a minor and Katlynn Young, by and through their attorneys, *Waystack Frizzell* and Gregory Howe, Esquire, and Acadia Insurance Company (the tort and worker's compensation carrier) and agree and stipulate to the settlement of the tort claim and determination and payment of worker's compensation lien, attorney's fees and expenses and state as follows:

### Background as to Current Litigation

1. This is a personal injury case. Jurisdiction is based on diversity of citizenship and an amount in controversy in excess of jurisdictional limits.

2. Plaintiff Samantha Young is the spouse of the decedent (Brian S. Young) and is the duly appointed Administratrix of the Estate of Brian S. Young, who died on January 20, 2014, leaving heirs at law and next of kin.  Plaintiff Samantha Young is a resident of the State of Vermont.

3. Defendant Michael Doucette ("Defendant Doucette") is a resident of the Town of Milan, County of Coos, and State of New Hampshire, with a mailing address of:  369 East Side River Road, Milan NH  03588.

4. Defendant Kelley Trucking, Inc. ("Defendant Kelley Trucking") is a New Hampshire business corporation, with a mailing address of:  743 East Side River Road, Milan, NH  03588, and a registered agent in New Hampshire of:  Cooper Cargill Chant, P.A., 2935 White Mountain Highway, North Conway, NH  03860.

5. Brian S. Young was fatally injured in the course of his employment with Kel-log, Inc. as a result of being run over by a tractor trailer owned by Defendant Kelley Trucking, Inc. and operated by Defendant Michael Doucette on January 20, 2014.

6. The parties held mediation on April 25, 2019, at which time the parties reached a settlement in this matter.

7. The settlement included both the tort matter which is the subject of this action, as well as the underlying worker's compensation case.

8. The Plaintiffs' claims in this action include a statutory wrongful death count on behalf of the Estate, a spousal consortium count and two individual children's consortium counts.  One of the children is a minor.

9. Since Plaintiff Samantha Young and her children live in Concord, Vermont, the Estate of Brian Young was opened in Essex County Probate Court in Guildhall, Vermont.

10. Samantha Young is filing a petition for guardianship over EY, her minor daughter in Essex County Probate Court, which approval is anticipated soon.

## Status of Settlement of Third Party (Tort) Claim

11. The amount of the settlement of the tort claims in this action (third-party claims), has been agreed between the plaintiffs and the defendants and is in the total amount of one million dollars ($1,000,000.00).

12. Counsel has apportioned the amount of the settlement among the plaintiffs. The two children's consortium counts have been apportioned at fifty-thousand dollars ($50,000.00) each. This is the amount of the statutory cap on such claims. See, RSA 556:12 (III). The balance of the settlement will be shared between the Estate wrongful death claim and the spousal consortium claim. Although the minor party's claim is for consortium, not personal injury, Samantha Young is respecting the rules, including Local Rule 17.1 and New Hampshire Superior Court Rule 40, concerning minor settlements and seeks this Court's approval for the minor settlement.

## Facts Concerning Minor Settlement

13. E.Y. is currently 15 years of age and resides with her mother.

14. E.Y. has not suffered any personal injury, and has no medical expenses. Her claim is a consortium claim for the loss of her father.

15. The total amount of the settlement of E.Y.'s claim is fifty-thousand dollars ($50,000.00). No bills or expenses except for legal fees are being paid out of her settlement. Legal fees on her settlement were calculated at twenty-five percent (25%) of the settlement and amount to twelve-thousand, five hundred dollars ($12,500.00.)

16. The settlement of E.Y.'s claim was negotiated by counsel who represented her interests.

17. Because E.Y. did not suffer any personal injury or incur any medical expenses, medical payment insurance is inapplicable.

18. No liens for medical providers have been asserted.

19. The net settlement proceeds to E.Y. are in the amount of thirty-seven thousand, five hundred dollars ($37,500.00). However, as this is a structured settlement, E.Y. will not receive any funds until she reaches the age of eighteen or older. Counsel will provide the court, in camera, with the specific details of the annuity to be purchased for the benefit of E.Y.

20. E.Y.'s birth certificate will be provided to the Court, in camera.

21. Counsel will provide the Court with an itemized bill for the legal work done, in camera.

22. No medical report is required as E.Y. did not suffer any injuries.

23. Counsel will provide the Court, in camera, with documents attesting to compliance with Superior Court Rule 40 (k) (2) (A-F) concerning the annuity to be issued for E.Y.

## Status of Remaining Tort Claims

24. Like her sister, Katlynn Young did not suffer any injuries or incur medical expenses in this case. Her claim is also a consortium claim. The claim has been apportioned at fifty-thousand dollars ($50,000.00). Although she is legally an adult, counsel have reduced their legal fees to twenty-five percent in the amount of twelve thousand, five hundred dollars ($12,500.00). She will receive a net settlement of thirty-seven thousand, five hundred dollars ($37,500.00), which will also be annuitized.

25. The balance of the settlement is nine hundred thousand dollars ($900,000.00). It will be divided between The Estate of Brian Young and the consortium claim of Samantha Young.

26. Legal fees on these counts are contingent fees, in the amount of three hundred thousand dollars ($300,000.00).

### Background as to Worker's Compensation

27. Pursuant to New Hampshire's Workers' Compensation Statute, the relevant workers compensation carrier, Acadia Insurance ("Acadia"), paid medical and funeral expenses as well as ongoing death benefits to Mr. Young's widow, Mrs. Samantha Young.

28. Acadia made these payments to Samantha Young on behalf of Mr. Young's employer, Kel-Log, Inc., since Mr. Young was acting within the scope of his employment at the time of his death.

29. As a result of the payments made by Acadia as the workers compensation carrier, Acadia is entitled to be reimbursed from the proceeds of this third-party action.

    a. As of April 24, 2019, Acadia's subrogation lien for benefits paid to Mr. Young's widow was in the amount of one-hundred ninety-eight thousand, seven hundred fifty-eight dollars and twenty-five cents ($198,758.25).

    b. As a term of the settlement of the tort claim and workers compensation claim, Acadia has agreed to waive its right to recoupment for the benefits paid to Samantha Young in the amount of one-hundred ninety-eight thousand, seven hundred fifty-eight dollars and twenty-five cents ($198,758.25), plus any additional payments made to the date of the approval of the settlement, in exchange for a lump sum settlement to be approved by the Department of Labor.

30. Based on N.H. RSA 281-A:13, the amount of settlement, sharing of costs and expenses of the action and repayment of worker's compensation reimbursement must be approved. According to the statute, the court in which the action has been brought may approve such settlement. See, N.H. RSA 281-A:13(III).

31. In accordance with New Hampshire RSA 281-A:13 (III) & (IV), this Court may approve the settlement between the plaintiffs and the defendant's and provide for the reimbursement of the worker's compensation benefits paid by the insurance carrier, Acadia Insurance. The Court may also approve attorney's fees and expenses.

### Status of Settlement of Worker's Compensation Liens

32. Acadia has now settled its claim for its worker's compensation lien with the Estate of Brian S. Young, as follows:

    The Workers Compensation division of Acadia has agreed to pay an additional lump sum payment of one hundred thousand dollars ($100,000.00) towards the settlement to be approved by the Department of Labor. Likewise, Acadia has agreed to waive its right of recoupment on all benefits that Acadia has paid to the surviving spouse and others since Mr. Young's death on January 20, 2014 in the amount of one-hundred ninety-eight thousand, seven hundred fifty-eight dollars and twenty-five cents ($198,758.25), plus any additional payments made until the date of the approval of the settlement, including the lump sum settlement amount.

33. Plaintiffs' counsel has agreed to waive its legal fees on the additional lump sum payment of one hundred thousand dollars ($100,000.00).

34. In return, the Estate of Brian S. Young waives any and all claims to entitlement to worker's compensation benefits, pursuant to New Hampshire RSA 281-A which have been, or may be asserted by the dependents of Brian Young, including the estate or Samantha Young, as surviving spouse.

35. Plaintiffs' counsel has contacted Defendants' counsel, Doreen Connor and Adam Mordecai, as well as Paul Kfoury, Jr., counsel for Acadia Insurance Company (workers compensation division) and James Q. Shirley, Esquire, Defendant Kelly Trucking, Inc.'s personal counsel and sought their assent. All Defendants' counsel do assent to the filing of this motion. Please see Stipulation signed by all counsel at mediation, attached as **Exhibit 1.**

**WHEREFORE, the Plaintiffs respectfully pray that this Honorable Court:**

A. Approve the settlement of all of Plaintiffs' claims in the amount of $1,000,000.00 for the tort and $100,000.00 lump sum for worker's compensation benefits pursuant to N.H. RSA 281-A: 13, III.  The worker's compensation lump sum payment must also be approved by the New Hampshire Department of Labor;

B. Approve the portion of the settlement in this case for the benefit of the minor child, E.Y., as stated in the motion pursuant to Local Rule 17.1;

C. Approve the plaintiffs' legal fees and expenses in this case, in the amount of $346,421.52; and,

D. Grant such other and further relief as may be just and equitable.

DATED:  June 7, 2019                                Samantha Young, Individually
                                                    and as Administrator of the
                                                    Estate of Brian S. Young, and as
                                                    m/n/f of E.Y., a minor and Katlynn Young

                                                    By and through their Attorneys

By: /s/ Philip R. Waystack                      By: /s/ Doreen F. Connor
    Philip R. Waystack, Esquire                      Doreen F. Connor, Esquire
    NH Bar #2672                                     NH Bar #421
    *Waystack Frizzell, Trial Lawyers*               Primmer Piper Eggleston & Cramer PC
    P. O. Box 137                                    P. O. Box 3600
    Colebrook, NH  03576                             Manchester, NH 03105-3600
    (603) 237-8322                                   (603) 626-3304
    phil@waystackfrizzell.com                        dconnor@primmer.com

By: /s/ Gregory P. Howe                         By: /s/ Adam R. Mordecai
    Gregory P. Howe                                  Adam R. Mordecai, Esquire
    VT Bar #645                                      NH Bar #17727
    Law Office of Gregory P. Howe                    Primmer Piper Eggleston & Cramer PC
    5346 US Route 5                                  P.O. Box 3600
    Newport, Vt.  05855                              Manchester, NH 03105-3600
    (802) 334-6718                                   (603) 626-3300
    ghowe@howelawvt.com                              amordecai@primmer.com

By: /s/ Sandra L. Cabrera
    Sandra L. Cabrera, Esquire
    NH Bar #20067
    *Waystack Frizzell, Trial Lawyers*
    P.O. Box 137
    Colebrook, NH  03576
    (603) 237-8322
    sandra@waystackfrizzell.com

### **CERTIFICATION**

I certify that on this day, a copy of the foregoing Restated and Verified Assented-To Motion for Approval of Settlement of the Tort (Third Party) Claim and Workers Compensation Lien, Attorneys' Fees and Expenses was sent to Defendants' counsel Doreen Connor, Esquire and Adam Mordecai, Esquire, James Shirley, Esquire, Defendant Kelley Trucking, Inc.'s personal counsel, and Paul Kfoury, Acadia Insurance Company (workers compensation division).

Dated: June 7, 2019                                      /s/ Philip R. Waystack
                                                                  Philip R. Waystack, Esquire
                                                                  NH Bar #2672